IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD JEREMY ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-693-HE |
| ) | |
| WILLIAM CHRIS RANKIN, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner Chad Jeremy Adams ("Petitioner"), a *pro se* state prisoner,[1] has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1).[2] United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 4). Respondents filed a Motion to Dismiss. (Doc. 12). Petitioner did not respond. For the reasons set forth below, the undersigned recommends that Petitioner's petition for habeas relief be **DISMISSED** without prejudice to the re-filing.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

I.      **Background and Petition**

Petitioner is a state inmate currently confined at the Oklahoma State Reformatory in Granite, Oklahoma.  (Doc. 1, at 1); *see also* OK DOC# 211915, Oklahoma Department of Corrections OK Offender.[3]

Petitioner filed the instant Section 2241 petition on June 18, 2025, challenging his loss of earned credits resulting from a demotion in earned credit level while incarcerated. (Doc. 1, at 2, 9).  Petitioner specifically alleges that, prior to June 1, 2024, he earned credits for time served according to level four of Oklahoma's credit-earning classification.[4] (*Id.* at 7).  However, Petitioner claims that after he was alleged to have assaulted prison staff, prison officials demoted him to level one for a period of 180 days and subtracted credits that he had already received.  (*Id.*)  Petitioner states that this misconduct claim was ultimately dismissed, and while prison officials did reinstate the credits they directly subtracted from his profile, they refused to retroactively reinstate Petitioner's level back to level four for those 180 days.  (*Id.*)  As relief, Petitioner requests this retroactive reinstatement which he calculates would result in ninety-nine additional credits.  (*Id.* at 8).

Respondents contend that because Petitioner did not comply with all steps of the Oklahoma Department of Corrections' ("ODOC's") administrative grievance process

---

[3] https://okoffender.doc.ok.gov/ (last visited Jan. 7, 2026).

[4] "Like many states, Oklahoma allows its prisoners to earn good time credits, the accrual of which may result in the prisoner's early release.  Each earned credit is equivalent to one day of prison." *Ali v. Taylor*, 528 F. App'x 918, 919 (10th Cir. 2013).  While credit-earning levels above level one accrue these credits, prisoners in level one earn no good time credits. *See id.*

2

before filing the instant habeas petition, his claims are unexhausted. (Doc. 12, at 4-6). Respondents also contend that Petitioner's claim is substantively meritless because Petitioner's demotion to level one, which was partially unrelated to his misconduct accusation, did not violate any of his constitutional rights. (*Id.* at 6-7).

**II.     Analysis**

    **A.     This Court Should Dismiss the Petition Because Petitioner Failed to Exhaust His Administrative Remedies.**

Section 2241 "does not expressly contain" an exhaustion requirement.[5] *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Nevertheless, federal common law commands that "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." *Id.*; *see also Venzor v. Warden*, No. 19-CIV-319-D, 2019 WL 4459334, at *1 (W.D. Okla. June 20, 2019) ("[F]ederal common law requires federal prisoners to exhaust available administrative remedies before they can obtain habeas relief."), *report and recommendation adopted in part*, 2019 WL 3245534, at *2 (W.D. Okla. July 19, 2019) ("[T]he Court concurs in [the magistrate judge's] administrative

---

[5] Respondents quote the Prison Litigation Reform Act of 1995, codified at 42 U.S.C. § 1997e, and related cases in their exhaustion analysis. (Doc. 12, at 4). "This provision applies to actions involving 'prison conditions.' Section 2241 petitions do not involve 'prison conditions,' and Section 1997e(a) is inapplicable." *Venzor v. Warden*, No. 19-CIV-319-D, 2019 WL 4459334, at *1 n.1 (W.D. Okla. June 20, 2019) (internal citations omitted), *report and recommendation adopted in part*, 2019 WL 3245534 (W.D. Okla. July 19, 2019); *see also Nguyen v. Booker*, 156 F.3d 1244, 1998 WL 568285, at *1 (10th Cir. Sep. 3, 1998) ("Petitioner's § 2241 petition does not fall within PLRA's language barring suits challenging prison conditions before administrative remedies have been exhausted.").

exhaustion analysis."). "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

Respondent's motion and attached exhibits outline the steps a prisoner must take to comply with ODOC's grievance process. These steps are taken directly from OP-090124, which "is the written inmate grievance procedure that is made available to all inmates and that includes at least one level of appeal." (Doc. 12, at Ex. 6, at 2). Respondents state that:

> According to OP-090124 (V), an inmate must first attempt to informally resolve his complaint by talking with the appropriate staff member. If unsuccessful, then the inmate must submit a Request to Staff ("RTS") to the appropriate staff member. *Id.* at (V)(A). If the inmate's complaint remains unresolved, the inmate may begin the formal grievance procedure by submitting a Grievance to the Reviewing Authority. *Id.* at (VI). If a grievance response fails to resolve the issue, the inmate should appeal to the Administrative Review Authority ("ARA"). *Id.* at (VIII). Only after all of these steps are taken has the grievance process been exhausted.

(Doc. 12, at 5; *see id.*, at Ex. 6, at 7-12, 14-17). OP-090124 further states that "[i]nmates/offenders are required to exhaust the grievance process prior to filing a lawsuit." (Doc. 6, at Ex. 6, at 2).

The undersigned agrees that Petitioner failed to exhaust his administrative remedies before filing the instant petition, foreclosing habeas relief. Petitioner's supporting documents only show that Petitioner complied with ODOC procedures through his filing of a formal grievance, which was denied. (Doc. 1, at Ex. 1, at 7-8). Respondents further provide evidence that Petitioner tried to appeal the denial of his grievance to the ARA, but it was "improperly submitted." (Doc. 12, at Ex. 8, at 1; *id*. at Ex. 7, at 4-5). While the ARA "notified [Petitioner] of his procedural error . . . and afforded him ten (10) days to properly resubmit," the declaration of an ODOC employee states that the ARA never

"received a resubmitted grievance appeal or any other correspondence from [Petitioner] regarding this issue." (*Id.* at Ex. 8, at 1).

Petitioner failed to carry his burden of showing he exhausted his administrative remedies when he failed to provide any evidence of an appeal to the ARA. Respondents have further shown that Petitioner's one attempt at an appeal was deficient. *See Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009) (affirming dismissal of Section 2241 petition where petitioner did not file an appeal as required with administrative body before filing in federal court). Moreover, while "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile," Petitioner does not argue that exhaustion in his case was futile. *Garza*, 596 F.3d at 1203. For these reasons, habeas relief should be denied.

**B.     Alternatively, the Petition Should be Denied Because Petitioner Is Not Entitled to a Specific Credit Level.**

Section 2241 relief is only available when a petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3); *see also Penate v. Byrd*, No. 16-CIV-1442-F, 2017 WL 876033, at *2 (W.D. Okla. Jan. 30, 2017) ("It is well established that the federal writ of habeas corpus reaches only convictions in violation of the United States Constitution, laws, or treaties."), *report and recommendation adopted*, 2017 WL 876311 (W.D. Okla. Mar. 3, 2017). When a petitioner claims that his credit level was demoted, constitutional due process concerns may be implicated because the demotion "inevitably affect[s] the duration of [a petitioner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). However, there is no "unconditional liberty interest in an Oklahoma prisoner's credit-

earning classification." *Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007). A prisoner has no constitutional interest in credit level demotions where the determination that a prisoner acted in violation of specific criteria "and the attendant decision to reduce his classification level were discretionary." *Id.*; *see also Adams v. Rankin*, No. 24-CIV-838-HE, 2025 WL 2048327, at *4 (W.D. Okla. June 9, 2025) ("If a demotion in a prisoner's classification level is discretionary, rather than mandatory, he does not have a liberty interest in his credit-earning classification level.").

Here, both the criteria leading to Petitioner's credit level demotion and the ultimate decision to demote him were discretionary. Petitioner's adjustment review indicates that several of the "Current Patterns of Behavior" used to determine his credit level are discretionary determinations, evaluated on a scale from "poor" to "outstanding." (Doc. 12, at Ex. 4, at 1). These criteria include (1) behavior towards staff, (2) behavior towards other inmates, (3) personal hygiene, and (4) living area. (*Id.*) Furthermore, the comment section of the adjustment review notes that Petitioner's demotion was caused both by the alleged assault and by an analysis of "poor behavior." (*Id.* at 2). Accordingly, Petitioner does not have a liberty interest in his credit level demotion, and the Petition should also be dismissed for this reason. *See Adams*, 2025 WL 2048327, at *4 (recommending dismissal on same grounds).

### III.    Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice to the re-filing.

**The court advises Petitioner of his right to object to this Report and Recommendation by January 28, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises Petitioner that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 7th day of January, 2026.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE